1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

United States of America,           )
                                    )   NO.   CR 15-01731-TUC-JGZ(CRP)
            Plaintiff,              )
                                    )
    vs.                             )   **REPORT AND RECOMMENDATION**
                                    )   **ON DEFENDANT'S MOTION TO**
Jose Sergio Calderon-Andrade,       )   **DISMISS INDICTMENT**
                                    )
            Defendant.              )
_____)

On August 31, 2015, Defendant Jose Sergio Calderon-Andrade was arrested for illegal re-entry into the United States. He was indicted [Doc. 7] on September 30, 2015. On February 10, 2016, Defendant filed a Motion to Dismiss Indictment [Doc. 18]. The Government filed its Response [Doc. 26] on March 25, 2016. A Reply [Doc. 30] was filed by Defendant on April 24, 2016, and on April 26, 2016, the Government filed a Supplement to its Response [Doc. 32].

The matter came on for Evidentiary Hearing before the Court on April 26, 2016. The Defendant called as a witness Hiedy Palomino. The Government called as a witness Border Patrol Agent Elena Galvan.

The Court, having considered the briefing, arguments, and evidence presented, recommends that the District Judge, after her independent review and consideration, enter an order **DENYING** Defendant's Motion to Dismiss Indictment [Doc. 18].

# FACTS

Defendant Sergio Calderon-Andrade received a (SAW) Temporary Resident Permit on December 8, 1998.  Less than two years later, on December 1, 1990, he was granted Lawful Permanent Resident (LPR) status.

On April 13, 1998, Defendant illegally entered the United States near Nogales, Arizona, and was arrested driving a U-Haul vehicle containing 19 undocumented aliens.  The U.S. Attorney's Office declined prosecution for Transportation of Illegal Aliens, but, based on the Defendant's post-arrest statements, did authorize prosecution for Illegal Entry.  At the Defendant's Initial Appearance Hearing, he was appointed counsel.  From the time of his arrest, throughout his entire federal prosecution, he was known as Antonio Andrade-Calderon.  The record is absent of any indication that he advised his attorney or the Court about his true name or LPR status.  Following the Defendant's plea of guilty to Illegal Entry he was sentenced to time served and released to Immigration for further proceedings.

Once the Defendant was in Immigration's custody pending a Removal Hearing, he:

1)    Declined seeking a continuance to speak to counsel;

2)    Withheld from the Court his true name and his status as an LPR;

3)    Went forward by admitting an Illegal Entry and requested a voluntary return (VR) in lieu of removal.

The trial Judge denied Defendant a VR because of his role as the driver of a vehicle with 19 undocumented aliens.

The Defendant contends that, because of his LPR status, he would have been eligible for an Order of Cancellation of Deportation.  This is arguably true, but the only person in the Courtroom who knew of his status was the Defendant.  In 1998, the federal fingerprint analysis system was not what it is today.  The Government did not then know that Antonio Andrade-Calderon was Jose Sergio Calderon-Andrade, an LPR.  Consequently, neither the Court or Government's counsel could explore those issues with the Defendant.  The Court opines that the Immigration Judge who would not give the Defendant a VR would not have given the Defendant as Mr. Calderon a cancellation of deportation.

1    The Defendant was removed from the United States on May 4, 1998. On June 26,

2    1998, the Defendant, under his true name, was arrested and prosecuted for transporting 7

3    illegal aliens into the United States. At this point, Border Patrol was suspicious Defendant

4    had more than one Immigration file, ordered a search of its records on July 27, 1998, and the

5    file of Antonio Andrade-Calderon was merged into that of Jose Sergio Calderon-Andrade.

6    On January 20, 1999, Defendant was sentenced to 11 months in prison. After service

7    of his sentence, his initial order of removal was reinstated on September 9, 1999. Defendant

8    was given an opportunity to make a statement contesting the removability determination, Ex.

9    16, but he declined the opportunity. This Court assumes the Defendant concluded:

10           1)      two prior Illegal Entries (one conviction)

11           2)      two Transportation of Illegal Alien arrests (one prosecution to conviction)

12    would trump his previous status and the existence of U.S. citizen children. This Court does

13    not really know what he thought or what the Immigration Judge would have done, but, from

14    the facts before the Court, the Defendant would have been removed for playing games with

15    the Immigration system, i.e.:

16           1)      using an alias; by

17           2)      hiding his identity,

18           3)      failing to carry his "green card", and

19           4)      being a repeat criminal offender.

20    If the Defendant was denied any due process, it was because of his failure to inform the

21    Court of his status in this country.

22                                    **CONCLUSION**

23    It is the recommendation of this Court that the District Judge, after her independent

24    review and consideration, enter an Order **DENYING** Defendant's Motion to Dismiss

25    Indictment [Doc. 18].

26    Pursuant to 28 U.S.C. §636(b)(1)(B), the parties have fourteen (14) days from the date

27    of this Report and Recommendation to file written objections to these findings and

28    recommendations with the District Court. Any objections and Responses to objections filed

1   should be filed as CR 15-01731-TUC-JGZ.  No Replies shall be filed unless leave is granted

2   from the District Court.

3          DATED this 28th day of April, 2016.

4

5   _____

6          Bernardo P. Velasco
        United States Magistrate Judge