# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>         Plaintiff,<br><br>v.<br><br>Jose Sergio Calderon-Andrade,<br><br>         Defendant. | No. CR-15-01731-001-TUC-JGZ (LCK)<br><br>**ORDER** |

On April 28, 2016, Magistrate Judge Bernardo P. Velasco issued a Report and Recommendation ("R&R") (Doc. 38) in which he recommended denial of Defendant Eduardo Jose Sergio Calderon-Andrade's Motion to Dismiss Indictment, which collaterally attacks the prior order of removal upon which Defendant's pending indictment for illegal reentry under 8 U.S.C. § 1326(b)(2) relies.  (Doc. 18.) Defendant filed an Objection to the R&R on May 11, 2016 and the government timely responded. (Docs. 39, 42.) For the reasons stated herein, the Court adopts the R&R and denies Defendant's Motion to Dismiss Indictment.

**STANDARD OF REVIEW**

The Court reviews de novo the objected-to portions of the R&R. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court reviews for clear error the unobjected-to portions of the R&R. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *see also Conley v. Crabtree*, 14 F.Supp.2d 1203, 1204 (D. Or. 1998). If the Court rejects the credibility findings of the magistrate judge, a de novo hearing is required. *United*

*States v. Ridgway*, 300 F.3d 1153, 1157 (9th Cir. 2002).

## FACTUAL BACKGROUND

The factual background contained in Magistrate Velasco's R&R (Doc. 38) is adopted as supplemented by the additional facts stated in this Order.

Defendant, a native and citizen of Mexico, received temporary lawful permanent resident status on December 2, 1990. (Docs. 42-1 & 42-2.) On April 14, 1998, U.S. Border Patrol agents arrested Defendant, who was using the alias Antonio Andrade-Calderon, after he was found driving a U-Haul truck loaded with 19 undocumented aliens. (Doc. 42-4.) On April 16, 1998, Defendant, still using his alias, pled guilty to illegal entry under 8 U.S.C. § 1325 and was sentenced to time served. (Doc. 42-6.)

Based on Defendant's April 16, 1998 sentence, the United States Immigration and Naturalization Service (INS) initiated removal proceedings against Defendant under his alias. (Doc. 42-7.) The Notice to Appear (NTA) served on Defendant alleged that he was a native of Mexico, not a citizen of the United States, and that he entered the United States on April 13, 1998 without having been admitted or paroled by an immigration officer. (*Id.*) On May 4, 1998, Defendant appeared before an immigration judge (IJ) in Florence, Arizona. (Doc. 42-8.) During the hearing, Defendant affirmed that his name was Antonio Andrade-Calderon, admitted to the allegations contained in his NTA and conceded that the charge of removability was correct. (*Id.*) The IJ sustained the charge of removability and denied Defendant's request for voluntary departure after Defendant admitted to driving the U-Haul loaded with illegal aliens. (Doc. 42-8, pgs. 30-35.) Defendant waived his right to appeal. (*Id.*, pg. 34.) Defendant was removed from the United States pursuant to the May 4, 1998 order of removal.

On June 26, 1998, Defendant, was arrested, under his true name, near Nogales, Arizona, and charged with transportation of illegal aliens for profit in violation of 8 U.S.C. § 1324. (Doc. 42-11.) After his arrest, Immigration Service discovered Defendant's prior use of an alias. (Doc. 42-12, pg. 3.) On September 9, 1999, following Defendant's conviction, Defendant's 1998 order of removal was reinstated; Defendant

was removed from the United States a second time on May 25, 1999. (Doc. 42-13.)

Defendant is currently under indictment, charged with one count of illegal re-entry in violation of 8 U.S.C. § 1326(b)(2), for his alleged entry into the United States on August 31, 2015. (Doc. 7.) On February 18, 2016, Defendant filed the pending Motion to Dismiss the Indictment, collaterally attacking the validity of his 1998 removal proceedings. (Doc. 18.)

**DISCUSSION**

An alien may not challenge the validity of a prior deportation order unless the alien demonstrates: (1) he or she exhausted any administrative remedies that may have been available to seek relief against the order; (2) the proceeding at which the order was issued improperly deprived the alien of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair. *See* § 1326(d)(3); *United States v. Hinojosa-Perez*, 206 F.3d 832, 835 (9th Cir. 2000). A predicate removal order satisfies the condition of being "fundamentally unfair" for purposes of § 1326(d)(3) when the deportation proceeding violated the alien's due process rights and the alien suffered prejudice as a result. *United States v. Arias-Ordonez*, 597 F.3d 972, 976 (9th Cir. 2010).

After de novo review, the Court finds that Defendant was afforded due process during his 1998 removal proceedings and that Defendant is not entitled to dismissal of the current charges against him on this ground.[1] Removal proceedings under the INA are

---

[1] The Magistrate Judge concluded Defendant failed to demonstrate that he was denied any due process in the removal proceeding as Defendant had failed to inform the IJ of his status during the hearing. (Doc. 38, pg. 3.) The Magistrate's R&R does not consider whether Defendant satisfied the other two requirements of § 1326(d)(3): (1) exhaustion of administrative remedies and (2) deprivation of the opportunity for judicial review. Although Defendant's Objection to the R&R refers briefly (in a heading) to a deprivation of the opportunity for judicial review (Doc. 39, pg. 6), the arguments presented in the Objection relate only to the third element of § 1326(d)(3) – fundamental unfairness. Because the Court agrees with the Magistrate Judge's conclusion that Defendant failed to prove fundamental unfairness, and because Defendant's Objection to the R&R only presents arguments related to this element, the Court does not consider the arguments regarding the first two elements raised in Defendant's initial Motion to Dismiss. In addition, because the Court concludes that no due process violation occurred,

divided into two categories: those proceedings seeking to remove inadmissible aliens, and those seeking to remove aliens who are already in and admitted to the United States, but who are nonetheless deportable. *See Toro-Romero v. Ashcroft*, 382 F.3d 930, 936 (9th Cir. 2004) (citing 8 U.S.C. § 1229a(a)(3)). Because INS was not aware that Antonio Andrade-Calderon was, in fact, a legal permanent resident named Jose Sergio Calderon-Andrade, the 1998 removal proceedings against Defendant sought his removal as an inadmissible alien subject to the mandates of 8 U.S.C.A. § 1229a(c)(2). That provision of the INA provides, in relevant part: "In the proceeding the alien has the burden of establishing . . . by clear and convincing evidence, that the alien is lawfully present in the United States pursuant to a prior admission." Thus, the burden was on Defendant, not the government or the IJ, to prove that he was an LPR. Because Defendant was arrested, charged and convicted under an alias he provided, neither the government nor the IJ were in possession of any information that would cause them to believe Defendant was an LPR. Defendant was in sole possession of that information, and he did not share it when it was his burden to do so.[2] Instead, Defendant admitted to the IJ that he was not a United States citizen, that he was a citizen of Mexico, and that he entered the United States without being admitted or paroled. (Doc. 42-8, pgs. 31-35.)

Defendant contends that he did not receive due process because the IJ failed to advise Defendant that he may be eligible for relief from deportation, as required by 8 C.F.R. § 242.17. Section 242.17 provides that an IJ must "inform the respondent [in a deportation hearing] of his apparent eligibility to apply for any benefits [of relief from deportation] enumerated in this paragraph and ... afford him an opportunity to make an application therefor during the hearing." However, the regulation only applies when a respondent's eligibility for relief is "apparent." "IJs are not expected to be clairvoyant;

---

the Court does not reach Defendant's argument that he was prejudiced as a result of the deprivation of due process.

[2] As the government notes in its response to Defendant's Objection, Defendant had a plausible motive for concealing his LPR status – Defendant could be removed under his alias but maintain his LPR status under his real name.

- 4 -

the record before them must fairly raise the issue: Until the [alien] himself or some other person puts information before the judge that makes such eligibility 'apparent,' this duty does not come into play." *Moran-Enriquez v. I.N.S.*, 884 F.2d 420, 422 (9th Cir. 1989) (internal quotations omitted).  In the present case, Defendant did not make any attempt to alert the IJ as to his true name or his LPR status; thus, his eligibility for relief was not apparent and the requirements of 8 C.F.R. § 242.17 did not apply.[3]

## CONCLUSION

After an independent review of the pleadings, exhibits and transcript, IT IS HEREBY ORDERED that:

1. The Report and Recommendation (Doc. 38) is ACCEPTED; and
2. Defendant's Motion to Dismiss Indictment (Doc. 18) is DENIED.

Dated this 13th day of June, 2016.

*Jennifer Zipps*
Jennifer G. Zipps
United States District Judge

---

[3] The Court declines to consider Defendant's argument that he was not afforded due process because the IJ did not ask the questions suggested by the Executive Office for Immigration Review (EOIR) Immigration Bench Book, available at https://www.justice.gov/eoir/immigration-judge-benchbook. The EOIR expressly states on its website that "the benchbook does not, is not intended to, shall not be construed to, and may not be relied upon to create or to limit any rights, substantive or procedural, enforceable at law by any party in any matter, civil or criminal."